**Debra F. HUBBARD, Plaintiff–Appellant,**

**v.**

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.**

**No. 05–35247.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2007 *.

Filed March 23, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Alan. Stuart Graf, Esq., Summertown, TN, for Plaintiff–Appellant.

** The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

David M. Blume, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: THOMPSON and BYBEE, Circuit Judges, and MILLS,** District Judge.

## MEMORANDUM ***

Appellant Debra F. Hubbard appeals the district court's judgment affirming the Commissioner of Social Security's denial of her benefits claims. The court has jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision de novo. *Gillett–Netting v. Barnhart,* 371 F.3d 593, 595 (9th Cir.2004). We must affirm the Commissioner's decision if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *Holohan v. Massanari,* 246 F.3d 1195, 1201 (9th Cir.2001). The facts and procedural history are familiar to the parties, and we do not repeat them here. Hubbard asserts three primary reasons for reversing the Commissioner's decision.

First, Hubbard asserts that the administrative law judge ("ALJ") violated due process by admitting a surveillance video into evidence, that no foundation was laid for the video, and that the ALJ gave the video undue weight. Hubbard's assertions lack merit.

Prior to the hearing, the Commissioner provided Hubbard with a list of witnesses

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and documents intended for use at the hearing. The list included an exhibit entitled "Report of Investigation dated 10/16/00." That report was co-authored by Detective Curt McBride and it listed the video as an exhibit to the report. The video showed Hubbard doing many things she claimed she could not do, such as walking without apparent difficulty, ambulating without the aid of a walker or motorized scooter, carrying packages, and lifting her arms above her shoulders. Contrary to 20 C.F.R. § 404.950(d)(2), Hubbard never filed a written request to subpoena Detective McBride or the video. Having failed to avail herself of this opportunity, Hubbard cannot assert that Detective McBride's absence from the hearing violated due process. In any event, Hubbard had the opportunity to view the video prior to the hearing and contest its content at the hearing.

■ Assuming, *arguendo*, that the Commissioner did not lay a proper foundation, the ALJ properly admitted the video into evidence pursuant to 20 C.F.R. § 404.950(c). Hubbard also disapproves of the weight the ALJ gave to the surveillance video. Given that so many of Hubbard's alleged physical and mental limitations were based on her self-reporting, a video of her unrehearsed, normal activities was highly probative and worthy of substantial emphasis. The ALJ gave the video its due accord.

■ Second, although the video constituted substantial evidence of "medical improvement" under 20 C.F.R. § 404.1594(b)(1), Hubbard argues that the ALJ erred by not comparing her new residual functional capacity ("RFC") with the RFC she had prior to her medical improvements. The record does not bear her out. The Commissioner deemed Hubbard disabled since September 1, 1989. After evidence of fraud emerged, the ALJ reviewed Hubbard's file. Relying on the September 2000 video and a November 2000 report by Michael Wilson, D.O., which stated that Hubbard could perform "at least" sedentary work, the ALJ determined that Hubbard's condition improved and her disability ended on September 1, 2000. The ALJ, as required by 20 C.F.R. § 404.1594(b)(7), compared Hubbard's new RFC with the RFC she had prior to her medical improvements.

■ Third, Hubbard contends that the ALJ wrongly rejected the opinions of her treating physicians in favor of the contrary opinions of non-treating physicians and psychologists. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989). If a claimant is able to "produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," and there is no evidence of malingering, the ALJ may only reject the claimant's symptom testimony by providing "specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996). The ALJ properly rejected Hubbard's testimony because the video and the reports from David Gotsnell, Ph.D. and Dr. Wilson provided substantial evidence of Hubbard's malingering.

Hubbard's malingering and lack of credibility is a considerable taint that affects most of the evidence she marshals. Hubbard's treating physicians all relied on her subjective complaints about pain, discomfort and lack of energy when making their diagnoses. The ALJ properly discounted the treating physicians' opinions after considering the video and the non-treating physician's opinions about Hubbard's malingering. *See Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989) (finding that an

opinion of disability "premised to a large extent upon the claimant's own accounts of his symptoms and limitations" may be disregarded where those complaints have been "properly discounted").

The opinions of Hubbard's treating physicians were, predictably, at odds with the opinions of Drs. Gotsnell and Wilson—the physicians who examined Hubbard on the CSS's behalf. Although a treating physician's opinion is usually given greatest weight in disability cases, it does not bind an ALJ with respect to the "existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.2001). If a conflict exists between a treating physician's opinion and an examining physician's, the treating physician's may be disregarded by the ALJ only if he sets forth "specific and legitimate reasons supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995).

In this case, the ALJ specifically rejected the treating physicians' opinions because those opinions were contradicted by the video and the opinions of examining Drs. Gotsnell and Wilson. It was proper for the ALJ to do this. *Id.; see also, Tonapetyan*, 242 F.3d at 1149 ("Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record.").

For the above stated reasons, we conclude that the ALJ's decision is supported by substantial evidence and free of legal error.

**AFFIRMED.**